```
HARRIS LAW PRACTICE LLC
STEPHEN R. HARRIS, ESQ. NVB 1463
Email: steve@harrislawreno.com
NORMA GUARIGLIA, ESQ. NVB 16244
Email: norma@harrislawreno.com
850 E. Patriot Blvd., Suite F
Reno, NV 89511
Telephone: (775) 786-7600
Attorneys for Debtor
```

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| IN RE: | CASE NO. BK-24-12829-nmc |
| | (Chapter 11) |
| DTH 215 VENTURE, LLC, | **APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY FINANCIAL ADVISORS [MB BEAR CAPITAL, LLC AND ACKMAN-ZIFF REAL ESTATE GROUP, LLC]** |
| Debtor. | |
| | Hrg. Date: September 24, 2024<br>Hrg. Time: 9:30 a.m.<br>Est. Time: 15 minutes<br>Set by: Calendar Clerk |
| _____ / | |

DTH 215 VENTURE, LLC, a Delaware limited liability company, the Debtor and Debtor-In-Possession in the above-captioned Chapter 11 case ("**Debtor**"), by and through its attorneys, STEPHEN R. HARRIS, ESQ. and NORMA GUARIGLIA, ESQ. of HARRIS LAW PRACTICE LLC, hereby files its APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY FINANCIAL ADVISORS [MB BEAR CAPITAL, LLC and ACKMAN-ZIFF REAL ESTATE GROUP, LLC] ("**Application**"), seeking an order authorizing the employment of MB BEAR CAPITAL, LLC and ACKMAN-ZIFF REAL ESTATE GROUP, LLC (collectively "**Bear-Ackman**") as its financial advisors.

1

This Application is made pursuant to Sections 327(a), 330 and 331 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014, and the United States Trustee Chapter 11 Guidelines. This Application is based on the following points and authorities, the *Declaration of Maurice Simon in Support of Application for Order Authorizing Debtor to Employ Financial Advisors [MB Bear Capital, LLC and Ackman-Ziff Real Estate Group, LLC]* ("**Simon Declaration**") and the *Declaration of Andrew Fox in Support of Application for Order Authorizing Debtor to Employ Financial Advisors [MB Bear Capital, LLC and Ackman-Ziff Real Estate Group, LLC]* ("**Fox Declaration**") filed contemporaneously, and oral argument of counsel at the hearing to consider the Application.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 327(a), 330 and 331.

## BACKGROUND

2. On June 5, 2024, the Debtor filed a Chapter 11 *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, initiating Case No. 24-12829-nmc.

3. No trustee has been appointed in this case and Debtor acts as Debtor-in-Possession.

4. The Debtor is the owner of certain mixed-use real property located at 215 S. Water Street, Henderson, Clark County, Nevada 89015 ("**Property**") commonly known as The Watermark. *See* Schedule A/B [ECF No. 10]. The Property consists of a seven-story, 151-unit apartment building with around 33,604 square feet of ground floor retail space. The Property is still under construction and about 95% complete, although as of the Petition Date it is not an active construction site. Amenities at the Property will include indoor and outdoor lounges, rooftop deck with swimming pool and barbecue stations, package lockers, fitness center, game room, pet run, conference room, co-working space, controlled access, and a subterranean parking garage.

5. The Debtor requires the appointment of Bear-Ackman to provide consulting and financing services with respect to its Property, as set forth in the Consulting Agreement attached as **Exhibit A** ("**Agreement**"). Bear-Ackman will work to obtain Debtor-In-Possession financing and/or funding on behalf of the Debtor.

### TERMS OF EMPLOYMENT

6. In the event any of Bear-Ackman's financing source(s) provide financing to the Debtor during the term of the Agreement, or otherwise provides financing for the benefit of the Debtor, whether in one transaction or a series of transactions, Bear-Ackman shall be paid a Consulting Fee in an amount equal to four percent (4%) of the facility amount from such financing, due on funding of same. The four percent (4%) consulting fee shall be paid as follows: one and one-half percent (1.5%) payable to MB Bear Capital, LLC and the remaining two and one-half percent (2.5%) payable to Ackman-Ziff Real Estate Group, LLC.

7. If the Debtor's current lender ACRES Capital, LLC ("Acres") does not approve the Debtor-In-Possession financing facilitated by Bear-Ackman, alternatively Bear-Ackman shall be paid an hourly Consulting Fee at the of $750.00 per hour for its services to be rendered on the resolution of the Acres loan, regardless of whether Acres provides DIP financing directly and/or restructures the current loan agreement for Debtor.

8. Bear-Ackman will seek Court approval through a Debtor-In-Possession financing motion for any earned Consulting Fee related to any financing for the benefit of the Debtor or any services rendered resulting in a resolution of the Acres loan, as set forth herein.

### LEGAL AUTHORITY

11 U.S.C. § 327(a) provides that the trustee [or debtor-in-possession] may, with the court's approval, employ one or more professional persons that are disinterested and do not hold an interest adverse to the estate. *See* 11 U.S.C. § 327(a). Fed. R. Bankr. P. 2014(a) provides that an order approving employment of a professional under § 327 shall be made only on application by the trustee [or debtor in possession], with a copy transmitted to the United States Trustee. *See* Fed. R. Bankr. P. 2014(a).

Pursuant to the provisions contained in 11 U.S.C. §§ 327(a), 1107 and 1108, the Debtor

3

hereby applies to the Court to employ Bear-Ackman as Debtor's financial advisors as more specifically set forth above. Bear-Ackman is experienced in consulting with companies and facilitating debt work out plans and financing.

Bear-Ackman has indicated its willingness to act on the Debtor's behalf, and to be compensated in accordance with the terms and conditions set forth herein. To the best of Debtor's knowledge, Bear-Ackman represents no interest adverse to the estate and has no connection with the Debtor, the Debtor's creditors, or any other party in interest, or their respective attorneys and accountants, including the United States Trustee, or any person employed in the office of the United States Trustee other than the following:

- Maurice Simon, President of MB Bear Capital, LLC is the Managing Member of Sterling Consulting and Management, LLC. Sterling Consulting and Management, LLC provides consulting services to Strada LV, LLC. Thomas Wucherer, through his entity Wucherer Enterprises Limited and Jeffrey Cruden are Managing Members of Strada LV, LLC, and Strada LV, LLC is an unsecured creditor of the Debtor. Thomas Wucherer and Jeffrey Cruden are Managing Members of DTH 215 Development, LLC. DTH 215 Development, LLC owns a 4.12% interest in the Debtor and is an unsecured creditor of the Debtor. Thomas Wucherer and Jeffrey Cruden are also guarantors on the Debtor's secured loan with ACRES Loan Origination, LLC.
- Pre-petition, Ackman-Ziff was engaged by the Debtor on February 29, 2024, on an exclusive basis to arrange financing for the Property, including attempts to obtain preferred equity and subordinate debt. Ackman-Ziff was not paid any commissions for its pre-petition work.

Bear-Ackman and its employees may have in the past served as financial consultants to unknown creditors of the Debtor or unknown employees of the United States Trustee in entirely unrelated matters.

None of these connections affect Bear-Ackman's disinterestedness. Bear-Ackman and

their employees represent no interest adverse to the estate and are disinterested as defined under 11 U.S.C. § 101(14).

## CONCLUSION

In conclusion, Debtor respectfully requests an order authorizing it to employ and retain MB Bear Capital, LLC and Ackman-Ziff Real Estate Group, LLC as its financial advisors, under the terms and conditions recited above, pursuant to 11 U.S.C. §§ 327(a), 330 and 331, and for such other proper relief under the circumstances.

DATED this 27th day of August, 2024.

HARRIS LAW PRACTICE LLC

*/s/ Stephen R. Harris*

STEPHEN R. HARRIS, ESQ.
Attorneys for Debtor

# EXHIBIT A

# CONSULTING AGREEMENT
# MB BEAR CAPITAL, LLC
# ACKMAN-ZIFF REAL ESTATE GROUP, LLC
# DTH 215 VENTURE, LLC

This Consulting Agreement (**"Agreement"**) is made effective on July 23, 2024 (**"Effective Date"**), by and between **DTH 215 Venture, LLC ("Company")**, and **MB Bear Capital, LLC,** a Texas limited liability company, and **Ackman-Ziff Real Estate Group, LLC,** a New York limited liability company **(collectively "Bear-Ackman").**

## RECITALS

**WHEREAS** Company requires consultation in obtaining debt financing and regarding all forms of debt financing pursuant to Company's Chapter 11 Bankruptcy Proceeding filed in the U.S Bankruptcy Court – District of Nevada (Las Vegas) – **Bankruptcy Petition # 24-12829-nmc** (the "Work Scope");

**WHEREAS** Bear-Ackman are consulting firms that, among other things, consult with companies regarding the Work Scope;

**WHEREAS** this Agreement does not involve the purchase, sale or registration of any securities or any regulated activity under State or Federal law;

**WHEREAS** the relationship of Bear-Ackman to Company is that of an Independent Contractor / Consultant and nothing herein shall be construed as creating any other relationship. Bear-Ackman may adopt such arrangements as it may desire with regard to the details of the services performed hereunder, the hours during which said services are to be provided, and the place or places where said services are to be furnished, provided that such details, hours, and services shall be consistent with the terms and conditions hereof and the proper accomplishment of said services and provided further that said services shall be performed in a manner calculated to attain the most satisfactory results for Company.

**WHEREAS** the parties recognize and understand that Bear-Ackman are not lenders; and

**WHEREAS** Bear-Ackman wish to perform the Work Scope for the Company.

## AGREEMENT

Accordingly, Company and Bear-Ackman agree as follows:

1. **SERVICES**

Bear-Ackman shall provide consulting services to Company with respect to matters related to the Work Scope.

2. **COMPENSATION**

    a. <u>Debt Financial Facilitation Fees</u>: Bear-Ackman is hereby being jointly granted the right to consult in obtaining financing and/or funding on behalf of Company. In the event any of Bear-Ackman's financing source(s) at any time finances Company, or

- 1 -

**CONSULTING AGREEMENT**
**MB BEAR CAPITAL, LLC**
**ACKMAN-ZIFF REAL ESTATE GROUP, LLC**
**DTH 215 VENTURE, LLC**

otherwise provides financing for the benefit of Company, whether in one transaction or in a series of transactions, Bear-Ackman shall be paid a Consulting Fee in an amount equal to **Four Percent (4%)** of the facility amount from each such financing. Said Four percent (4%) Consulting Fee shall be paid as follows: **One and one-half Percent (1.5%)** payable to MB Bear Capital, LLC, and the remaining **Two and one-half Percent (2.5%)** payable to Ackman-Ziff Real Estate Group, LLC.

In the event that **ACRES Capital, LLC ("ACRES")**, the existing lender for Company, does not approve the DIP Financing offer for Company as facilitated by Bear-Ackman, then in lieu of the percentage Consulting Fee formula outlined in the prior paragraph, Bear-Ackman will be paid an hourly Consulting Fee at the rate of $750.00 per hour for consulting on the resolution of the Acres loan, irrespective of whether Acres provides DIP Financing directly and/or restructures the current loan agreement for Company.

Company reserves the right to approve all such credit facilities arranged by Bear-Ackman. In other words, said Consulting Fees will be paid directly to Bear-Ackman each time from each financing source so that both Bear-Ackman and Company will receive as referenced above, their respective shares of proceeds simultaneously. As one of the covenants of the financing source in the documentation for the proposed financing, Company agrees that the Consulting Fees described herein shall be paid in full directly to Bear-Ackman as referenced above at the initial funding.

    b. <u>Expenses</u>: None.

3. **TERM AND TERMINATION**

   a. Unless terminated earlier under paragraph 3(b), below, this Agreement shall terminate upon the expiration of three (3) years from the Effective Date.

   b. Without limiting any rights which either party to this Agreement may have by reason of any default by the other party, each party reserves the right to terminate this Agreement by providing the other party written notice at least thirty (30) days prior to the date of its termination.

   c. Termination of this Agreement under paragraph 3(a) or 3(b) above shall not affect: (1) Company's obligation to pay for services previously performed by Bear-Ackman; or (2) expenses reasonably incurred (if any) by Bear-Ackman for which Bear-Ackman is entitled to reimbursement under paragraph 2 above.

4. **MISCELLANEOUS**

   a. This Agreement shall inure to the benefit of and be binding upon the respective heirs, executors, successors, representatives, and assigns of the parties, as the case may be; provided, however, the obligations hereunder of each party to the other are personal and may not be assigned without the express written consent of such other party.

**CONSULTING AGREEMENT
MB BEAR CAPITAL, LLC
ACKMAN-ZIFF REAL ESTATE GROUP, LLC
DTH 215 VENTURE, LLC**

    b. The relationship created by this Agreement shall be that of an independent contractor, and Bear-Ackman shall have no authority to bind or act as agent for Company, or its employees for any purpose.

    c. This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the parties, or of any other person, firm or other entity.

    d. The parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by counsel of their choice, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

    e. The parties hereto shall execute and deliver any and all additional papers, documents and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of their obligations hereunder to carry out the express intent of the parties hereto.

    f. The parties hereto acknowledge that this Agreement is subject to approval by the U.S Bankruptcy Court – District of Nevada (Las Vegas).

5. No amendment, change, or modification of this Agreement shall be valid unless in writing signed by all the parties hereto.

6. This Agreement contains the entire agreement between the parties hereto with respect to the subject matters hereof. No other agreements not specifically referred to herein, oral or otherwise, shall be deemed to exist or bind any of the parties hereto.

7. This Agreement is entered into in accordance with the laws of the State of Texas, USA, and shall be governed by and interpreted in accordance with those laws. The Parties agree that any legal action, suit or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby shall be instituted in Collin County, State of Texas, which shall be the exclusive jurisdiction and venue of said legal proceedings and each Party hereto waives any objection which such party may now or hereafter have to the laying of venue of any such action, suit or proceeding, and irrevocably submits to the jurisdiction in Collin County, State of Texas. Any and all service of process and any other notice in any such action, suit or proceeding shall be effective against such party (or the subsidiary of such party) when transmitted in accordance with the notice provisions of this Agreement. Nothing contained herein shall be deemed to affect the right of any party hereto to serve process in any manner permitted by law, nor will it affect the right of any party to bring an action in small claims court.

8. The prevailing party in any such proceeding shall be entitled to its costs and reasonable attorneys' fees.

- 3 -

**CONSULTING AGREEMENT**
**MB BEAR CAPITAL, LLC**
**ACKMAN-ZIFF REAL ESTATE GROUP, LLC**
**DTH 215 VENTURE, LLC**

9. This Agreement may be executed in one or more counterparts, each of which shall for all purposes be deemed to be an original and all of which when taken together shall constitute the same instrument.

10. The headings of the enumerated sections of this Agreement are inserted for convenience only and shall not be deemed to constitute part of this Agreement or to affect the construction hereof.

11. Any of the terms or conditions of this Agreement may be waived in writing at any time by the Party that is entitled to the benefits thereof. No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a waiver of such provision at any time in the future or a waiver of any other provision hereof.

12. Nothing in this Agreement shall create any third-party beneficiary rights in any person or entity that is not a party to this Agreement.

13. Any notice, request, instruction, consent or other document to be given hereunder by any party hereto to the other parties shall be in writing and delivered by any means whereby receipt can be established, including personally, by courier or by email as follows:

**If to Bear and Ackman**

MB Bear Capital, LLC
1901 N. Akard Street
Dallas, Texas 75201
Tel:   214-240-8022
Email: msimon0070@gmail.com

Ackman-Ziff Real Estate Group, LLC
711 Third Avenue, Floor 11
New York, New York 10017
Tel: 202.316.8250
Email: fturkmani@ackmanziff.com

**If to Company:**

DTH 215 Venture, LLC
P.O. Box 639
Dexter, Missouri 63841
Tel: 573.820.2467
Email: natalie@sixty-west.com

Any notice mailed in the manner herein provided shall be deemed given to the entity to which it is addressed when received.

- 4 -

## CONSULTING AGREEMENT
## MB BEAR CAPITAL, LLC
## ACKMAN-ZIFF REAL ESTATE GROUP, LLC
## DTH 215 VENTURE, LLC

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date first stated above.

**MB Bear Capital, LLC, a Texas limited liability company**

By: *Maurice Simon*
Maurice Simon (Aug 15, 2024 20:17 CDT)

Name: Maurice Simon

Its: President

**DTH 215 Venture, LLC**

By: *Natalie Riley*
Natalie Riley (Aug 16, 2024 08:46 CDT)

Name: Natalie Riley

Its: Debtor's Representative

**Ackman-Ziff Real Estate Group, LLC, a New York limited liability company**

By: *Simon Ziff*
Simon Ziff (Aug 16, 2024 08:32 EDT)

Name: Simon Ziff

Its: Managing Member

- 5 -